# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| IDESHIA TAYLOR, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 4:25-cv-704 |
| | § | Judge Mazzant |
| TARGET CORPORATION, | § | |
| | § | |
| *Defendant.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant's No-Evidence Motion for Summary Judgment and Brief in Support (the "Motion") (Dkt. #13). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This is a premises liability case arising from a trip-and-fall. The alleged injury occurred while Plaintiff Ideshia Taylor ("Plaintiff") was shopping at Defendant Target Corporation's ("Defendant") Flower Mound location (Dkt. #9). The key allegation is that:

> Plaintiff Ideshia Taylor was injured while shopping near the bread aisle when she stepped back after reaching for an item and was knocked down by a box left behind her by an employee. Plaintiff Ideshia Taylor suffered serious injuries as a result of this incident, as complained of herein.

(Dkt. #9 at p. 2).

On November 14, 2025, Defendant moved for summary judgment, challenging each element of Plaintiff's premises liability claim under Texas law (Dkt. #13). The Motion became ripe on December 5, 2025. On December 17, 2025, Plaintiff filed a motion to defer, which asked the Court to defer consideration of the Motion for Summary Judgment because "the parties are engaged in ongoing discovery" (Dkt. #15). The Court granted the motion to defer, and gave

Plaintiff leave to file an amended or supplemental response to the Motion by February 13, 2026 (Dkt. #20). On February 13, 2026, Plaintiff filed an amended response (Dkt. #23). Defendant filed a reply, accompanied with an objection to Plaintiff's summary judgment evidence (Dkt. #24). The Motion is now ripe for adjudication.

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion [for summary judgment]." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the  Court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears

2

the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. *See Solomon v. Hou. Corrugated Box Co.*, 526 F.2d 389, 396–97 (5th Cir. 1976). Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (citation modified). The Court must consider all of the evidence but "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

## ANALYSIS

After careful review of the record and the arguments, the Court is not convinced that Defendant has met its burden demonstrating that there is no material issue of fact as to Plaintiff's claims entitling Defendant to judgment as a matter of law. Summary judgment is therefore unwarranted.

## CONCLUSION

It is therefore **ORDERED** that Defendant's No-Evidence Motion for Summary Judgment and Brief in Support (Dkt. #13) is hereby **DENIED**.

**IT IS SO ORDERED.**

 **SIGNED this 26th day of May, 2026.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE